IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

    Petitioner,                    No. CIV S-06-0270 DFL DAD P

    vs.

CSP-LOS ANGELES COUNTY, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner confined in California State Prison-Los Angeles County pursuant to a sentence imposed by the Los Angeles Superior Court on June 6, 2003. Petitioner has filed a pro se petition for writ of habeas corpus on a state habeas petition form. Petitioner has not paid the filing fee or submitted an application to proceed in forma pauperis.

        Petitioner initially sent his petition to the United States Court of Appeals for the Ninth Circuit with a civil rights complaint and a letter requesting that his documents be sent "to the correct location." Petitioner stated that he was sending his documents to the Court of Appeals for "assignment reasons" and admonished the court to "remember, plaintiff does not wish for the civil complaint to be forwarded to the Central District of California's Western Division." The Court of Appeals stamped the letter "Received" on February 3, 2006, and transmitted the documents to the Eastern District of California, apparently at random.

1

1   The Clerk of the Court separated petitioner's pleadings and opened two actions.
2 Petitioner's civil rights complaint was opened as civil rights case No. CIV S-06-0269 FCD KJM
3 PC, while his petition for writ of habeas corpus was opened as habeas case No. CIV S-06-0270
4 DFL DAD HC.  Petitioner's letter was filed as an attachment to the habeas petition.
5   Under the rules that govern cases brought under § 2254, the district court is
6 required to examine a petitioner's habeas corpus petition to determine whether the respondents
7 should be ordered to file an answer, motion, or other response.  See Rules 3(b) and 4, Federal
8 Rules Governing § 2254 Cases.  "If it plainly appears from the face of the petition and any
9 exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge
10 shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254 Cases.
11 The rule "'explicitly allows a district court to dismiss summarily the petition on the merits when
12 no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)) (quoting
13 Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).
14   A federal district court cannot entertain a petition for writ of habeas corpus
15 brought by a person in custody pursuant to the judgment of a state court unless the petition has
16 been brought on the ground that the petitioner is in custody in violation of the Constitution or
17 laws or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is available only
18 for challenges to the duration or legality of a prisoner's confinement.  Preiser v. Rodriguez, 411
19 U.S. 475, 500 (1973).  A federal habeas petition may be filed only in the district in which the
20 petitioner was convicted or the district in which the petitioner is confined.  28 U.S.C. § 2241(d).
21   In the habeas petition improperly presented to this court on a state habeas form,
22 petitioner does not allege that he is in custody in violation of the Constitution or laws or treaties
23 of the United States.  Petitioner complains that a correctional officer at California State Prison-
24 Los Angeles County threatened to harm him.  Petitioner also seeks "to raise the issue concerning
25 his right to file, and submit paperwork."  Petitioner requests "criminal and civil damages" and
26 states his desire "to alert the court of the violation, and punish all parties."

This habeas action must be dismissed because the pleading states no basis for federal habeas corpus relief. Petitioner's claims arising from the conditions of his confinement in California State Prison-Los Angeles County should be litigated in his civil rights action. The court's docket for case No. CIV S-06-0269 FCD KJM reveals that the case was transferred to the Central District of California in accordance with the federal statute that governs venue for such a case.[1] See 28 U.S.C. § 1391(b).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice because it plainly appears from the face of the pleading that petitioner is not entitled to habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
gree0270.156

---

[1] Cases are not assigned to district courts by the Court of Appeals.

3